567 So.2d 847 (1990)
Dottie L. Cochran JELLENC
v.
Edward Leon JELLENC.
No. 89-CA-0082.
Supreme Court of Mississippi.
September 19, 1990.
William B. Jacob, Joseph A. Kieronski, Jr., Daniel P. Self, Jr., Self & Jacob, Meridian, for appellant.
Robert D. Jones, Jordan & Jones, Meridian, for appellee.
EN BANC.
HAWKINS, Presiding Justice, for the Court:

ON PETITION FOR REHEARING
The original opinion in this cause, handed down May 23, 1990, is withdrawn and this opinion is substituted therefor.
Edward Leon Jellenc sued Dottie L. Cochran Jellenc for a divorce in the chancery court of Lauderdale County on the ground of habitual cruel and inhuman treatment. Dottie Jellenc counter-claimed on the same ground. The lower court held that neither party had proved habitual cruel and inhuman treatment, and denied the parties a divorce.
Dottie Jellenc appeals, assigning as error that:
(1) The lower court erred in denying her a divorce;
(2) The lower court erred in granting custody of the minor child to Edward;
(3) The lower court erred in granting possession of certain property to Edward; and
(4) The lower court erred in its award of child support and denial of attorney's fees.
With the exception of the amount of child support awarded, we are unable to say the chancellor was manifestly in error, and therefore only address this one assignment. The chancery court awarded child support pursuant to guidelines developed by the Governor's Commission on Child Support, which to the court indicated that Dottie Jellenc should pay 17% of her gross income for child support of Edward Leon Jellenc, Jr., born June 6, 1982. Dottie Jellenc testified that her gross monthly income was approximately $2336.00, and was ordered to pay $400.00 per month in child support which was approximately 17% of her gross *848 income. Edward Jellenc had approximately the same monthly earnings.
Chapter 439, Laws 1989, Miss. Code Ann. §§ 43-19-101, -103 (Supp. 1989) codified the above guidelines. Chapter 439, Laws 1989, provided that certain percentages of "adjusted gross income" of the supporting parent would be awarded, unless the chancellor made a written finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case. The statutory percentage created a "rebuttable presumption" of the amount due. Miss. Code Ann. § 43-19-103 set forth criteria which the chancellor should consider when not awarding the statutory percentage. In the case of the amount due for support of a single child, the section set the amount at seventeen percent (17%) of adjusted gross income, and provided that "adjusted gross income" would have the same meaning as given in Section 62(a) of the Internal Revenue Code. Chapter 439, Laws 1989, Miss. Code Ann. §§ 43-19-101, -103, in turn has been amended by Ch. 543, Laws 1990, and the 17% for a single child has been reduced to 14%.
In this case Jellenc only asked for $100.00 per month in child support from his wife. The chancellor held: "I am confident from the testimony that any funds that may not be needed for the immediate support of this child will be saved for Eddie in his future education." This was a recognition by the chancellor that $400.00 per month was not required at the time for child support.
It thus appears that the chancellor considered only the guidelines developed by the Governor's Commission on Child Support. It is clear from this record, however, that requiring $400.00 per month child support at this time from Dottie Jellenc is excessive. Eddie was only six years of age at the time of the hearing. Both parents had approximately the same earnings. The chancellor should have considered the amount of money which reasonably should be required in child support from each parent, taking into account that Jellenc is the custodial parent and providing a home for the child. In the recent case of Thurman v. Thurman, 559 So.2d 1014 (1990), we held that the 1989 statute in child support cases must of necessity be only a guideline, "Certainly the guidelines are relevant and may be considered by a chancellor as an aid, but the guidelines may not determine the specific need or the specific support required." Thurman v. Thurman, supra, at 1018.
We therefore reverse and remand this cause for hearing on the amount to be awarded in monthly child support due from each parent.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.