788 So.2d 834 (2001)
Melanie Williamson PIPKIN, Appellant,
v.
Anthony W. DOLAN, Appellee.
No. 1999-CA-01416-COA.
Court of Appeals of Mississippi.
June 19, 2001.
*836 Gary Goodwin, Columbus, Attorney for Appellant.
Jeffrey Carter Smith, Columbus, Attorney for Appellee.
Before KING, P.J., PAYNE, and IRVING, JJ.
IRVING, J., for the Court:
¶ 1. This is an appeal from the Chancery Court of Lowndes County. Melanie Pipkin, filed a complaint in 1998 requesting a citation of contempt for Anthony Dolan's failure to comply with a divorce decree which required him to obtain and maintain medical insurance on the minor children of the parties and to obtain and maintain a life insurance policy on his life for the benefit of the children. Additionally, the complaint sought (1) a modification of the terms and requirements of visitation, (2) an increase in child support, (3) an increase in the amount being paid to retire an arrearage, and (4) an award of attorney's fees. The chancellor denied the request, and Melanie has effectuated this appeal, setting forth the following issues for our review: (1) whether the chancellor abused her discretion in failing to grant Melanie an increase in child support, and (2) whether the chancellor abused her discretion by failing to award attorney's fees for Melanie's contempt action regarding Anthony's failure to produce proof of coverage for his life insurance and medical insurance.
¶ 2. Finding reversible error, we affirm the chancellor's denial of an increase in child support but reverse and remand the chancellor's decision denying attorney's fees.

FACTS
¶ 3. Melanie and Anthony were divorced in 1989 by a decree issued in the Circuit Court of Okaloosa, Florida. The judgment awarded physical custody of the children to Melanie; however, legal custody of the children was awarded jointly to Melanie and Anthony. Anthony was ordered to pay $600 per month for child support and maintain insurance on his life in an amount at least equal to all future child support. In 1993, both Anthony and Melanie had become residents of Lowndes County, Mississippi, and upon a complaint filed by Anthony in the Chancery Court of Lowndes County, the Mississippi court gave full faith and credit to the Florida judgment but modified same by adjusting the monthly child support amount to $400. In the same judgment, Anthony was adjudged to be $9,100 in arrears for child support payments as previously ordered by the Florida court.
¶ 4. Sometime after the 1993 judgment was entered, Melanie moved back to Florida. Anthony remained a resident of Lowndes County, Mississippi. As stated, in 1998, Melanie filed in the Chancery Court of Lowndes the complaint from which this appeal emanates. Anthony filed an answer and counterclaim seeking custody of the parties' two minor children. The trial of the issues was commenced, and after testimony from the oldest child indicated that the child did not want to state a parental preference for custodial purposes, Anthony withdrew his claim for custody. The parties then agreed to submit, on memoranda and exhibits, the remaining issues for resolution by the chancellor.
¶ 5. The chancellor found that Anthony's visitation time should be increased and revised the visitation schedule.[1] However, *837 the chancellor further found (1) that the evidence was insufficient to support Melanie's claim that there had been a material change in circumstances warranting a modification of child support, and (2) that the evidence was insufficient to support a finding of contempt. The chancellor ordered Anthony to maintain the insurance policy in accordance with the initial decree and assessed attorney's fees to each party respectively. It is from this order that Melanie effectuates this appeal.

DISCUSSION OF THE ISSUES

I. Child Support
¶ 6. Melanie requested in her complaint that the child support be increased from $400 to $500 per month and contends that the chancellor's refusal to grant the increase was an abuse of discretion. "Decisions regarding modification of child support are within the discretion of the chancellor, and [an appellate court] will reverse only where there is a manifest error in findings of fact, or an abuse of discretion." Powell v. Powell, 644 So.2d 269, 275 (Miss. 1994).
¶ 7. The party seeking modification must show a material change in circumstances of the father, mother or children arising subsequent to the original decree. Id. The factors to be considered are: "(1) increased needs of children due to advanced age and maturity, (2) increase in expenses, (3) inflation, (4) relative financial condition and earning capacity of the parties, (5) health and special medical needs of the child, both physical and psychological, (6) health and special medical needs of the parents, both physical and psychological, (7) necessary living expenses of the father, (8) estimated amount of income tax each party must pay, (9) free use of residence, furnishings and automobile, and (10) other facts and circumstances bearing on the support as shown by the evidence." Powell, 644 So.2d at 275.
¶ 8. As stated, the issues were resolved pursuant to memoranda and exhibits submitted by counsel for Anthony and Melanie. The chancellor did not detail the facts upon which she relied for concluding that "there was insufficient evidence that there has been a material change in circumstances as would warrant a modification of the amount of child support paid by [Anthony]," and that "there was insufficient evidence for a finding of contempt." Because of the failure of the chancellor to set forth the facts supporting her conclusions, it is difficult for us to perform our oversight function. Therefore, it would not be inappropriate for us to reverse and remand the case to the chancellor to make the specific findings of fact undergirding her conclusion that the evidence is insufficient to support a finding that a material change in circumstances has occurred. However, because the memoranda and exhibits upon which the chancellor relied are all contained in the record, we have decided against sending the case back for specific findings of fact and will examine the documentation ourselves to determine if the chancellor manifestly erred or abused her discretion.
¶ 9. The record reveals that Melanie only presented data relative to Anthony's income in support of her claim for an increase in child support. That documentation shows that Anthony is self-employed and that in 1991 his adjusted gross income, as reflected on his 1991 federal tax return, was $18,283. Apparently, this was the figure that was considered when the 1993 modification occurred as the record contains no financial data for 1992 or 1993. *838 According to Melanie's brief, the 1991 income amount is the relevant figure for the 1993 modification.
¶ 10. When the chancellor ruled on the modification issue in 1999, Anthony had not filed his 1998 federal or state tax return. However, in his financial statement, which is required by Rule 8.05 of the Uniform Chancery Court Rules, Anthony lists his gross monthly income as $2,628. From the gross amount, he claims $487.56 in deductions for state and federal taxes. He also claims a deduction of $350 in "self employment and expenses," leaving, in Anthony's view, a net monthly income of $1790.44 upon which to calculate the appropriate amount of child support. In the following paragraph, we will discuss the $350 deduction for "self employment and expenses."
¶ 11. Also included in the financial data for Anthony is a 1099-MISC federal tax form for the year 1998 showing miscellaneous income of $46,191.58. Anthony did not submit a business and expense statement for 1998 nor 1999. Therefore, we are unable to ascertain what portion of the $46,191.58 represents Anthony's business income.
¶ 12. Melanie asks us to accept the $350 as being the monthly business expense associated with earning the $46,191.58, to multiply that monthly expense amount by twelve to arrive at the total business expenses associated with earning the $46,191.58, and to deduct that sum from $41,191.58 to arrive at Anthony's true gross income for 1998. Calculating Anthony's 1998 income in this manner would result in a gross income of $41,991.58 ($46,191.58 minus 12 X $350 or $46,191.58 minus $4,200). Melanie attempts to buttress her argument that the $41,991.58 figure is the one that should be accepted by examining Anthony's 1997 1099-MISC income of $44,459.85 and the expenses reflected on Schedule C of Anthony's 1997 federal tax return. On Schedule C of his 1997 return, Anthony claimed $14,922.39 in business expenses, leaving a net profit of $29,538. Of the total business expenses claimed, $5,064 was for depreciation, $4,000 was for child labor and $1,366.50 was for tools, for a total of $10,430.50. Melanie contends that this $10,430.50 figure should not be accepted as a proper business deduction and that deducting this figure from the total business expenses of $14, 922.39 claimed for 1997 leaves a total business deduction of $4,491.89. Melanie says this $4,491.89 figure is comparable to the yearly total ($4,200) of the monthly business expense reflected on the Rule 8.05 financial statement. Therefore, Melanie argues that this similarity in business expenses ($4,491.89 in 1997 to $4,200 in 1998) for similar amounts of gross business income ($44,459.85 in 1997 to $46,191.58 in 1998) proves the true figure for Anthony's 1998 gross income is $41,191.58 instead of the $31,536 (12 X $2,628) as claimed by Anthony on his Rule 8.05 financial statement. Melanie's final argument is that since Anthony's income has increased significantly since 1993, from $18,283 to $41,991, she is entitled to an upward adjustment in child support.
¶ 13. The fallacy in Melanie's argument is twofold. First, the evidence is that Anthony's Rule 8.05 financial statement shows his monthly income, at the time of the chancellor's decision, to be $2,628, for a total annual income of $31,536, not $41,991 as claimed. If Melanie believed the financial statement to be incorrect, nothing would have prevented her from examining Anthony under oath concerning the matter. She chose not to do so; therefore, she is bound by what the cold document shows. Secondly, an increase in income is only one of many factors to be considered in making the determination as to whether *839 a material change in circumstances has occurred. The record is starkly silent on any evidence addressing any other factors. Accordingly, we affirm the chancellor on this issue.

II. Attorney's Fees
¶ 14. Melanie asserts that Anthony was in contempt for his failure to comply with the court order to establish, maintain and provide proof of a life insurance policy with the children as named beneficiaries. Whether a party is in contempt is left to the substantial discretion of the chancellor. Lahmann v. Hallmon, 722 So.2d 614, 620 (Miss.1998). This Court will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied. Bell v. Parker, 563 So.2d 594, 596-97 (Miss.1990).
¶ 15. As stated, the chancellor made no specific findings of fact, choosing instead to conclude that the evidence was insufficient to establish a basis for contempt. Again, we resort to the record to see what information was presented to the chancellor.
¶ 16. The judgment of divorce entered by the Florida court contained the following provision:
Respondent shall maintain insurance on his life with the children as the sole beneficiaries, shall keep the policy unencumbered, the amount shall be at least equal to all future child support, and shall furnish the Petitioner with proof and access to the policy.

(emphasis added). The judgment entered by the Chancery Court of Lowndes County in 1993 contained the following provision:
The provisions of the Florida decree shall remain in effect with respect of proof of life insurance and the defendant shall by March 1, 1993, filed [sic] with the Court evidence of his life insurance reflecting the children as beneficiaries.
Attached to Anthony's memorandum, which was submitted to the chancellor for consideration in the resolution of the issues raised in Melanie's complaint, was a document entitled "Policy Status Report." The "Policy Status Report" indicates that Anthony acquired a life insurance policy in the amount of $50,000 on September 12, 1995. The report further indicates that the minor children of the parties were made beneficiaries on September 24, 1998, approximately six weeks after Melanie filed her complaint seeking to have Anthony held in contempt for failure to provide the insurance as required by previous orders of the court.
¶ 17. As stated, the chancellor decided this case on the parties' memoranda and attached exhibits. No testimony was adduced which might have illuminated or clarified any matters left unclear by the parties' submission. Nothing in the parties' submission shows that Anthony, prior to the filing of Melanie's complaint, had complied with the life insurance provisions of either the Florida court judgment or the 1993 judgment of the Lowndes County Chancery Court. Therefore, we are constrained to find that the chancellor abused her discretion in refusing to hold Anthony in contempt for his failure to comply with those provisions which required him to obtain life insurance and provide proof of such coverage. Accordingly, we hold that since the evidence undeniably demonstrates that Anthony was in fact in contempt of the prior judgment of the court, Melanie should be awarded reasonable attorney's fees, and this case is remanded to the trial court for a determination of a proper award.
¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF LOWNDES COUNTY DENYING AN INCREASE IN *840 CHILD SUPPORT IS AFFIRMED, BUT THE JUDGMENT DENYING ATTORNEY'S FEES IS REVERSED AND REMANDED FOR A DETERMINATION OF THE AMOUNT OF ATTORNEY'S FEES TO BE AWARDED. COSTS OF THIS APPEAL ARE ASSESSED ONE HALF TO THE APPELLANT AND ONE HALF TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, MYERS and CHANDLER, JJ., CONCUR. LEE, J., CONCURS IN RESULT ONLY.
NOTES
[1] The judgment recites that the parties agreed "that it would be in the best interest of the minor children that visitation times with their father be increased...."