998 So.2d 1032 (2008)
Wayne R. REID, Appellant
v.
Susie B. REID, Appellee.
No. 2007-CA-00220-COA.
Court of Appeals of Mississippi.
November 25, 2008.
*1034 Thomas T. Buchanan, Laurel, attorney for appellant.
Ronald L. Whittington, McComb, attorney for appellee.
Before LEE, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.

FACTS
¶ 1. Wayne R. Reid and Susie B. Reid, formerly husband and wife, were divorced by order of the Pike County Chancery Court on January 30, 2001. Four children were born of this marriage: Colton Reid, Sawyer Reid, Logan Reid, and Lindsey Reid. Wayne and Susie were ordered to share joint custody of their minor children with Susie having primary physical custody. The chancellor awarded Susie permanent periodic alimony in the amount of $1,000 per month and rehabilitative alimony in the amount of $550 per month for thirty-six months. The court also ordered Wayne to pay $1,560 in child support to Susie.
¶ 2. Wayne filed for a modification of the divorce judgment on October 17, 2002, seeking termination of periodic and rehabilitative alimony. This was resolved by judgment entered on May 8, 2003, finding that Susie should still receive all existing alimony from Wayne.
¶ 3. On February 5, 2005, Susie filed a complaint for modification of child support and other relief wherein she alleged that: (1) the increased needs of the minor children constituted a material change in circumstances and required an increase in child support, and (2) she should be allowed to claim the children as her dependents for tax purposes beginning with the year 2004. In response, on February 1, 2006, Wayne filed an amended counter-complaint *1035 for modification and complaint for citation for contempt alleging that: (1) Susie was now gainfully employed, while his income had not varied, constituting a material change in circumstances requiring a reduction in alimony; (2) he should only have to give twelve to twenty-four hours' notice of his intention to exercise visitation as the forty-eight-hour requirement was impeding on his ability to maintain a close relationship with his children; (3) Susie did not send appropriate clothing with the children when they were with him; (4) Susie eavesdropped on telephone conversations he had with the children; and (5) the oldest child, Colton, had been living with him since October 2005 requiring the grant of primary custody of Colton to Wayne and a grant of child support to Wayne from Susie for Colton. He also alleged that Susie should be held in contempt for: (1) failing to reimburse him for one-half of the reasonable medical expenses of the minor children, (2) refusing to share the four-wheeler they jointly owned for the use of their children, (3) refusing to arrange visitation with the children that would coincide with his work schedule, (4) refusing to allow liberal visitation with the parties' children, and (5) refusing to allow unrestricted access to the children.
¶ 4. On December 20, 2006, the chancellor issued her bench opinion with findings of fact and conclusions of law. She found that Colton was primarily living with his father and that Susie should pay Wayne child support in the amount of 14% of her adjusted gross income of $1,211.60. The chancellor also reduced Wayne's payment of child support to Susie from 24% to 22% to reflect the fact that he was now only paying child support for the three minor children still in her physical custody. The chancellor noted that "the application of the statutory guidelines to the Adjusted Gross Income of each of the parties is reasonable in this case." Thus, Wayne was ordered to pay $1,280 per month in child support-an amount equal to 22% of his gross monthly income, less the 14% of Susie's gross adjusted income he was to receive from Susie as child support for Colton.
¶ 5. The chancellor denied Wayne's request for the modification of Susie's periodic alimony, stating that he failed to show a material change in facts and circumstances with regard to his income that would warrant termination or reduction in her permanent alimony. The chancellor found that Susie should be allowed to claim Logan as her dependent for tax reasons, that Susie was not in contempt for failure to pay medical bills, and that the four-wheeler should remain in Susie's custody. The chancellor did find that Susie was in contempt for her failure to facilitate visitation between Wayne and the children. The chancellor found that Wayne should exercise visitation with the three youngest children on the weekends that he was home from his job and that Colton, the oldest child, should visit with Susie on the weekends that Wayne was working. Finally, the chancellor instructed all parties to refrain from eavesdropping on phone calls between the children and the other parent and to send appropriate clothing with the children when they were visiting the other parent. Payment of attorneys' fees was not awarded to either party.
¶ 6. Wayne alleges that the chancellor erred by: (1) failing to require compliance with Uniform Chancery Court Rule 8.05 and, therefore, applying the wrong legal standard to both the issue of child support and the reduction of alimony, (2) failing to make specific findings on the record required by statute to enable this Court to know the facts supporting the chancellor's determination that the child support guidelines were reasonable in this case, (3) failing to recognize the material change in *1036 circumstances and making findings of fact and conclusions of law in accordance with the Caldwell factors, (4) failing to find a material change in circumstances that would allow for a reduction in alimony, and (5) failing to make specific findings of fact and conclusions of law in accordance with the Armstrong factors. We find that all issues are without merit and affirm the judgment of the chancellor.

ANALYSIS
¶ 7. "This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was used." Southerland v. Southerland, 875 So.2d 204, 206(¶ 5) (Miss. 2004) (citing Kilpatrick v. Kilpatrick, 732 So.2d 876, 880(¶ 13) (Miss.1999)). "In cases involving child support, we afford the chancellor considerable discretion, and his findings will not be reversed unless he was manifestly in error or abused his discretion." Id. at 208(¶ 12). "This Court's standard of review is limited in domestic relations cases where the chancery court has decided upon terms of alimony. In such cases[,] the award will not be altered on appeal unless it is found to be against the overwhelming weight of the evidence or manifestly in error." Crowe v. Crowe, 641 So.2d 1100, 1102 (Miss.1994) (citing Tilley v. Tilley, 610 So.2d 348, 351 (Miss. 1992)). This is especially true in cases involving divorce, child support, and alimony, where the decision will be affirmed unless the reviewing court can say the chancellor was manifestly wrong. See id. The chancellor's factual findings are "insulated from disturbance on appellate review" if they are "supported by substantial credible evidence." McAdory v. McAdory, 608 So.2d 695, 699 (Miss.1992) (citing Jones v. Jones, 532 So.2d 574, 581 (Miss. 1988)). It is under this highly deferential level of scrutiny that we will review all issues alleged by Wayne in his appeal.

I. Whether the chancellor failed to require compliance with Uniform Chancery Court Rule 8.05 and, therefore, applied the wrong legal standard to both the issue of child support and the reduction of alimony.
¶ 8. Uniform Chancery Court Rule 8.05 requires parties in all domestic cases involving economic issues to submit a financial statement detailing income, expenses (both those relating to the party and those relating to the parties' children), assets, and liabilities. A Rule 8.05 disclosure is also required to contain copies of the preceding year's federal and state income tax returns or W-2s as well as a general statement describing the party's employment history and earnings from the inception of the marriage or from the date of divorce, whichever is applicable. Unif. Ch. Ct. R. 8.05. These disclosures are to be delivered to the opposing party and a certificate of compliance is to be filed with the clerk's office. Id.
¶ 9. Wayne and Susie each submitted updated 8.05 financial statements in preparation for the modification hearing. Wayne now argues that Susie's 8.05 financial statement did not adequately break down her expenses between herself and her children and was in non-compliance with Rule 8.05. However, according to the transcripts from the modification hearing, Susie's counsel submitted the financial statement without any type of objection from Wayne's counsel. If Wayne had believed that Susie's financial statement was insufficient or failed to comply with Rule 8.05, nothing prevented him from questioning her regarding these concerns during the modification hearing. In his brief, Wayne goes into great detail regarding some of Susie's expenses, her earning capabilities, *1037 and her assets. Yet, he never objected or called attention to her failure to separate the expenses directly attributable to the children from the expenses for which she was solely responsible. This Court has stated that if one spouse believed the other's Rule 8.05 statement to be incorrect, the complaining spouse should have addressed this issue during cross-examination. Pipkin v. Dolan, 788 So.2d 834, 838(¶ 13) (Miss.Ct.App.2001). A failure to do so binds the parties to what the cold documents actually show. Id.
¶ 10. The chancellor made findings of fact and conclusions of law regarding the issues of child support and alimony without commenting on the sufficiency of Susie's financial disclosures.[1] Because the high level of deference this Court must show toward any findings of fact made by a chancellor, we will only review for manifest error or abuse of discretion. See Crowe, 641 So.2d at 1102. "The word `manifest,' as defined in this context, means `unmistakable, clear, plain, or indisputable.'" Mosley v. Atterberry, 819 So.2d 1268, 1272(¶ 16) (Miss.2002) (quoting Mosley v. Mosley, 784 So.2d 901, 904(¶ 7) (Miss.2001)). Thus, we will only overturn the findings of the chancellor if we find that the acceptance of Susie's financial declaration was an unmistakable, clear, plain, or indisputable error. Nothing in the record suggests manifest error in the chancellor's acceptance of Susie's financial disclosure. The record indicates that her disclosure statement correctly reflected her monthly income, had her expenses listed  albeit not broken down into a per person ration  and had her check stubs attached. Susie had not filed her taxes since 2001; instead, she filed for and received extensions, so there would be nothing to attach in this respect. She did attach her 2002 W-2 and her 2001 and 2002 tax return paperwork. Wayne's attorney had ample opportunity to object to the form or substance of the disclosure statement, but he did not do so. Wayne admitted on the stand that he thought Susie's expenses were reasonable. At no point was any objection made to the disclosure statement itself. Therefore, it was not manifest error for the chancellor to rely on Susie's financial disclosure in making her findings regarding child support and alimony. This issue is without merit.

II. Whether the chancellor failed to make specific findings on the record to support her decision to apply the statutory guidelines in reference to the child support payments.
¶ 11. Wayne alleges that the chancellor failed to make specific findings of fact on the record as statutorily required in order to allow this Court to know the facts supporting the chancellor's determination that application of the child support guidelines was reasonable though his income was over $50,000. Mississippi Code Annotated section 43-19-101(4) (Rev.2004) states that if a parent's adjusted gross income is more than $50,000 a year, the court "shall make a written finding in the record as to whether or not the application of the guidelines established in this section is reasonable." This Court has held that even a succinct written explanation of whether or not the guidelines are reasonable can be sufficient. See Peters v. Peters, 906 So.2d 64, 72(¶ 36) (Miss.Ct.App. 2004).
¶ 12. The chancellor in this case stated in her findings of fact that "the application *1038 of the statutory guidelines to the Adjusted Gross Income of each of the parties is reasonable in this case." The chancellor also detailed both parties' incomes, the number of children living in each party's home, the amount that would equal in child support, and noted that both parents would pay their portion of child support to the other according to the statutory guidelines. In Peters, the chancellor's judgment included the language: "The Court recognizes that the gross annual income stated herein exceeds the $50,000.00 recited by the statute. At this point in time, however, the Court sees no reason to deviate from the statutory child support guideline of twenty percent of the adjusted gross income." Id. In Peters, we held that this was a written finding that the application of the statutory guidelines would be reasonable. Id. Likewise, in the current case, the chancellor's statement was a sufficient written finding.
¶ 13. In his brief, Wayne also raises several sub-issues within the current assignment of error: (1) due to Susie's alleged failure to comply with Rule 8.05, the chancellor was unable to make a determination as to the reasonableness of applying the child support guidelines; (2) the issue of child support should have taken into consideration not only the fact that Wayne made over $50,000 per year, but also the fact that he was awarded custody of the oldest child; (3) Susie's child support payment would have fallen within the guidelines if the chancellor found her to make between $5,000 and $50,000 per year; and (4) the chancellor's award of child support constituted alimony because the child support payment exceeded the children's expenses. Addressing each of Wayne's subissues, we also find that there was no manifest error.
¶ 14. First, we have already discussed Susie's Rule 8.05 financial disclosure and found that it was sufficient. The chancellor was able to make a determination as to the reasonableness of the application of the guidelines. Susie's Rule 8.05 financial disclosure listed her income from alimony and her job as a part-time substitute teacher. She included pay stubs from the school district as well as a recent W-2 form. Additionally, Wayne was given the opportunity to cross-examine Susie regarding her failure to divide expenses between herself and the children, but he did not do so.
¶ 15. Second, Wayne alleges that the issue of his child support payments to Susie was governed not only by the fact that his income was over $50,000 a year, but also by the fact that he was awarded primary custody of Colton. We agree and find that the chancellor took both factors into account when determining the amount of child support to award each party. The chancellor specifically found that the application of the statutory guidelines was reasonable as to both parties. He then awarded Wayne 14% of Susie's adjusted gross income and reduced Wayne's monthly child support payment from 24% to 22% to account for the fact that Wayne was also being awarded primary custody of Colton.
¶ 16. Third, the chancellor correctly stated Susie's monthly adjusted gross income was $1,211.60, which puts her yearly adjusted gross income within the $5,000 to $50,000 range for the statutory guidelines to apply. Because her income subjected her to the statutory guidelines, no specific findings justifying any award of child support to Wayne for Colton was needed. Bryant v. Bryant, 924 So.2d 627, 632(¶ 18) (Miss.Ct.App.2006). Because Wayne presented no testimony at trial as to why Colton might qualify for an award of child support above the statutory guidelines, he was unable to overcome the rebuttable *1039 presumption that the guidelines applied to Susie. Miss.Code Ann. § 43-19-101(1) (Rev.2004). Plus, testimony was elicited during the modification hearing that detailed the specific costs of the children which led the chancellor to find that it was reasonable for both parties to pay child support according to the statutory guidelines. There was credible evidence within the trial record to support the chancellor's finding that the awards of child support within the guidelines were reasonable. Thus, there was no abuse of discretion in the ruling.
¶ 17. Finally, Wayne alleges that because the children's expenses are less than the award of child support, he is, in essence, paying additional alimony to Susie. It is true that child support awards, even if comporting with the statutory guidelines, cannot exceed the needs of the children. Jellenc v. Jellenc, 567 So.2d 847, 848 (Miss.1990). However, the current case is much different from the facts of Jellenc. In Jellenc, the custodial father only asked for $100 per month in support of the couple's only child, and the chancellor awarded the father $400 per month. In this case, Susie had requested an increase in the amount of child support, which was denied. The chancellor actually reduced Susie's child support to account for the fact that Colton now lived with his father. Wayne is now ordered to pay $1,280 per month in child support for the three children still in Susie's custody. According to her Rule 8.05 financial disclosure, Susie's monthly living expenses are $3,672.55. Wayne admitted at trial that none of Susie's reported expenses were unreasonable. While the expenses are not broken down between Susie's expenses and the children's expenses, it is clear that many of them include family-wide expenses such as food, pest control, cable television, and gasoline. Others can be construed as solely the children's expenses such as school expenses, children's allowances, and dental expenses  which Susie testified only covered the children's braces. Susie's total income from child support, alimony, and substitute teaching is $2,771.00, which is actually less than her living expenses. Also, there is no evidence that the children's expenses are less than the award of child support. While it was noted at the modification hearing that the children's expenses had decreased, according to Susie's 8.05 financial statement, these expenses have not decreased to such a level that Susie is profiting from her child support payments from Wayne. The chancellor reduced the amount she was to receive from Wayne to compensate for the fact that Colton is no longer in her custody. Twenty-two percent of Wayne's income is reasonable, and the need for that amount is supported by credible evidence in the form of testimony and Susie's Rule 8.05 financial disclosure.
¶ 18. We find no manifest error or abuse of discretion in the award or the amount of child support in regard to either party. We also find that the chancellor complied with the written finding requirement of Mississippi Code Annotated section 43-19-101(4). Therefore, the issue is without merit.

III. Whether the chancellor erred in failing to find a material change in circumstances and, thus, failed to make findings of fact and conclusions of law in accordance with the Caldwell factors.
¶ 19. Child support can be modified if there has been "a substantial or material change in the circumstances of one or more of the interested parties." Caldwell v. Caldwell, 579 So.2d 543, 547 (Miss.1991) (quoting Tedford v. Dempsey, 437 So.2d 410, 417 (Miss.1983)). A material change in circumstances can be shown by proof of the following:

*1040 (1) increased needs caused by advanced age and maturity of the children[,] (2) increase in expenses, and (3) inflation factor. Other factors include (4) the relative financial condition and earning capacity of the parties, (5) the health and special needs of the child, both physical and psychological, (6) the health and special medical needs of the parents, both physical and psychological, (7) the necessary living expenses of the father, (8) the estimated amount of income taxes the respective parties must pay on their incomes, (9) the free use of a residence, furnishings, and automobile and (10) such other facts and circumstances that bear on the support subject shown by the evidence.
Id. (quoting Adams v. Adams, 467 So.2d 211, 215 (Miss.1985)). Wayne argues that the chancellor must address each of the Caldwell factors and make a written determination of those factors. He also alleges that because the parties stipulated to a material change and that the chancellor found there was a decrease in the children's needs, the chancellor should have found that a material change in circumstances existed and reduced the amount of child support he was to pay.
¶ 20. It should first be noted that Wayne did not raise the issue of lowering his child support payment at the modification hearing. The parties agreed there had been a material change in circumstances regarding the custody arrangement for Colton, and custody was awarded to Wayne. Wayne's child support obligation was then reduced to reflect the change in custody. Evidence was not presented at trial nor was the issue even raised that there should be a further reduction in child support beyond the amount corresponding to Colton. Thus, the chancellor did not address the issue of whether a material change in circumstances existed with respect to the child support. The chancellor found that a material change in circumstances existed with regard to Colton's custody. This change allowed the chancellor to modify the previous order, but only with respect to adjusting the amount of child support each party paid to reflect the current custodial situation of all four minor children.
¶ 21. Also, a small decrease in a child's needs or a party's income does not constitute a material change in circumstances. Tedford, 437 So.2d at 418. There was substantial, credible evidence presented at the modification hearing and through the parties' Rule 8.05 financial disclosures to support the chancellor's finding that an award of child support within the guidelines was reasonable. This issue is without merit.

IV. Whether the chancellor erred in not finding that a material change in circumstances existed requiring a reduction in the amount of alimony and failing to make specific findings of fact and conclusions of law in accordance with the Armstrong factors.
¶ 22. The appropriate factors for determining alimony at the time of the divorce decree are the twelve factors outlined in Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993). These factors are:
1. [t]he income and expenses of the parties; 2. [t]he health and earning capacities of the parties; 3. [t]he needs of each party; 4. [t]he obligations and assets of each party; 5. [t]he length of the marriage; 6. [t]he presence or absence of minor children in the home, which may require that one or both of the parties either pay, or personally provide, child care; 7. [t]he age of the parties; 8. [t]he standard of living of the parties, both during the marriage and at the time of the support determination; 9. *1041 [t]he tax consequences of the spousal support order; 10. [f]ault or misconduct; 11. [w]asteful dissipation of assets by either party; or 12. [a]ny other factor deemed by the court to be "just and equitable" in connection with the setting of spousal support.
Id. However, the correct standard for determining if a modification of periodic alimony is appropriate is whether there has been a material change in circumstances since the date of the award. Id. at 1281. This would allow for the upward or downward modification of periodic alimony or the outright termination if such material changes occur subsequent to the divorce decree. Id.
¶ 23. Because the central issue to periodic alimony modification is whether there has been a material change in circumstances subsequent to the decree of divorce and not a balancing of the Armstrong factors, the chancellor was not manifestly wrong for not going through such an analysis. Also, there was sufficient, credible evidence to support the chancellor's decision that no material change in circumstances existed. Evidence was presented at trial that the income and expenses of both parties had remained relatively unchanged with the exception of custody of Colton, but this was dealt with through the adjustment of child support. There were still three minor children under Susie's custody. She was still only earning nominal amounts of money every month outside her alimony and child support payments. Wayne's income had remained basically unchanged. Neither party's expenses had drastically reduced or increased. Thus, there was no manifest error in failing to find a material change of circumstances and not reducing the amount of alimony payable to Susie from Wayne. There was also no manifest error in failing to make specific findings of fact and conclusions of law regarding the Armstrong factors. This issue is without merit.

CONCLUSION
¶ 24. We find no error in the chancellor's decisions on any issues raised herein. Accordingly, we affirm the judgment of the chancellor.
¶ 25. THE JUDGMENT OF THE PIKE COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] In fact, the chancellor found in favor of Wayne regarding child support, reducing the amount paid to Susie to account for primary custody of Colton being awarded to him and requiring Susie to pay 14% of her adjusted gross income as child support to Wayne for Colton.