875 So.2d 1126 (2004)
Jeffrey K. EDWARDS, Appellant,
v.
Karen EDWARDS-BARKER, Appellee.
No. 2003-CA-00453-COA.
Court of Appeals of Mississippi.
June 22, 2004.
*1127 David L. Walker, Batesville, attorney for appellant.
Gregory S. Park, Oxford, attorney for appellee.
Before SOUTHWICK, P.J., IRVING and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Karen Edwards-Barker filed a petition to modify child support and a contempt citation against Jeffrey Edwards for failure to make payments. Jeffrey, in response, filed a petition to modify custody. The chancellor granted Karen's petition to increase child support and found Jeffrey in contempt of court. The chancellor denied Jeffrey's petition to modify custody. Jeffrey appeals. We find no error and affirm.

*1128 FACTS
¶ 2. On April 15, 1996, the chancery court entered a final decree of divorce for Jeffrey and Karen Edwards. Jeffrey agreed to pay $287 per month child support, which represented the amount that he drew on his two children under Social Security disability and twenty percent of the amount he drew individually under Social Security disability. Jeffrey further agreed to retain their two minor children on his medical coverage and pay one-half of any medical expenses not covered by insurance.
¶ 3. On October 16, 2002, Karen petitioned to increase the amount of child support and filed a contempt citation against Jeffrey for failure to make payments. Jeffrey filed a petition to modify custody to award him custody of their two minor children.
¶ 4. The chancellor found there to be a substantial and material change in circumstances that required modification of custody of the older child to her paternal grandmother, Reba Mann. The chancellor ordered Jeffrey to pay to Ms. Mann $108 per month, which was the amount of Social Security allotment he was receiving for the child. The chancellor ordered Karen to pay $200 per month child support to Ms. Mann. The chancellor also increased the amount of child support Jeffrey was to pay for the child that remained in Karen's custody to $350 per month. The chancellor found Jeffrey to be in contempt for failure to pay child support and maintain health insurance for the children and calculated the arrearage to be $13,080. Jeffrey was ordered to pay $300 a month toward this balance. Applying the unclean hands doctrine, the chancellor denied Jeffrey's petition for modification of custody. Jeffrey appeals.

ANALYSIS
¶ 5. Our initial consideration is whether the appellee's failure to file a brief serves as a confession of error. In Barber v. Barber, 608 So.2d 1338, 1340 (Miss. 1992), our supreme court held:
Ordinarily, where a party fails to file a brief on appeal, we take the issues raised by the opposing party as confessed. Price v. Price, 430 So.2d 848 (Miss. 1983). In matters of child custody and support, however, in the absence of an appellee's brief, our practice is to make a special effort to review the record for support for affirmance. Sparkman v. Sparkman, 441 So.2d 1361 (Miss.1983); Garceau v. Roberts, 363 So.2d 249 (Miss. 1979[1978]).
Therefore, we will not accept the appellee's failure to file a brief as a confession of error, and we will review the record to decide this appeal.

I. Whether the chancellor erred in increasing the amount of child support
¶ 6. Jeffrey alleges that the chancellor erred in granting Karen's request for an increase in child support. As noted, the chancellor increased the amount of child support Jeffrey was paying for the child that remained in Karen's custody to $350 per month.
¶ 7. Decisions regarding modification of child support are within the discretion of the chancellor, and this Court will reverse only where there is manifest error in findings of fact or an abuse of discretion. Hammett v. Woods, 602 So.2d 825, 828 (Miss.1992); Lawrence v. Lawrence, 574 So.2d 1376 (Miss.1991). To justify a modification of the amount of child support, the party seeking the modification must demonstrate a material change in the financial circumstances of an interested party that arose after the entry of the *1129 original decree. Havens v. Broocks, 728 So.2d 580, 582(¶ 8) (Miss.Ct.App.1998) (citing McEachern v. McEachern, 605 So.2d 809, 813 (Miss.1992)). The material change must not have been reasonably foreseeable at the time the first decree was entered. Wallace v. Bond, 745 So.2d 844, 849 (¶ 23) (Miss.1999).
¶ 8. Karen testified that the costs of food and clothing for the kids have increased as they have gotten older. She also testified that Jeffrey was making more money now than he was at the time of the divorce, and the chancellor considered documentary evidence of Jeffrey's income. The record also supports the chancellor's finding that Jeffrey received an unsubstantiated amount of undocumented income.
¶ 9. After hearing the evidence, the chancellor concluded:
You have the ability, Mr. Edwards, to make good money, and you know it. It appears to the Court that you just stopped once Mrs. Edwards filed proceedings on you in August of last year. But I was looking at what you had made and what you cleared in the year 2000 until you stopped in October. And you were doing dog gone well. You could easily make, in your business, $50,000.00 a year, easy.
¶ 10. The chancellor compared Jeffrey's current income to his previous income and determined that a material change in financial circumstances had occurred. The record supports the chancellor's finding. Therefore, based on the evidence before the chancellor, we do not find that he abused his discretion in increasing the child support payments. This assignment of error is without merit.

II. Whether the chancellor erred in finding Jeffrey in contempt of court
¶ 11. A citation of contempt is proper when the order of the court has been willfully and deliberately ignored. Bredemeier v. Jackson, 689 So.2d 770, 777 (Miss.1997). The factual findings of the chancellor in civil contempt cases are affirmed unless manifest error is present. Purvis v. Purvis, 657 So.2d 794, 797 (Miss. 1994) (citing Caldwell v. Caldwell, 579 So.2d 543, 545 (Miss.1991)). Contempt matters are committed to the substantial discretion of the trial court, and we will not reverse where the chancellor's findings are supported by substantial credible evidence. Id.
¶ 12. Jeffrey asserts the he made some child support payments to Karen, but other times paid his children directly. Jeffrey contends that because some of his child support payments were in cash, the facts do not support a finding of contempt. Due to Jeffrey's failure to produce receipts, the chancellor refused to consider any of the alleged cash payments. The chancellor also stated he would not consider money given directly to the children for shopping or car expenses as child support payments.
¶ 13. This Court has affirmed a finding of contempt where cash payments were made to the benefit of the children. Wesson v. Wesson, 818 So.2d 1272, 1280 (¶ 20) (Miss.Ct.App.2002). In Wesson, the father made what he called "child support" payments directly to his children. Id. at 1279-80 (¶ 19). The chancellor credited the father only for the amount that the mother confirmed was paid for the benefit of the children. Id. at 1280 (¶ 20). This Court affirmed the chancellor's decision holding that the father was in arrears for the remaining balance.
¶ 14. In Crow v. Crow, 622 So.2d 1226, 1228 (Miss.1993), the chancellor refused to consider an alleged cash payment and held the father to be in arrears when the father kept no records, obtained no receipts, and *1130 intermingled child support payments with other payments. The court ruled the chancellor was not manifestly wrong and affirmed the chancellor's finding of fact that the father was in arrears on his child support payments. Id. at 1229.
¶ 15. Here, Jeffrey provided no record of the cash payments that he purports to have made to Karen. He also produced no receipts confirming his cash payments. The chancellor correctly refused to consider the money Jeffrey gave to his children, for various other expenses, as child support payments.
¶ 16. After hearing the evidence and testimony, the chancellor determined that Jeffrey had failed to pay the court ordered twenty percent of his Social Security disability and failed to maintain insurance coverage on his children. He calculated the amount in arrears to be $13,080, which was supported by the evidence presented at trial. Therefore, we will not disturb the chancellor's decision on appeal.
¶ 17. THE JUDGMENT OF THE LAFAYETTE COUNTY CHANCERY COURT IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.