941 So.2d 913 (2006)
Brian R. DIX, Appellant
v.
Karen R. DIX, Appellee.
No. 2005-CA-00293-COA.
Court of Appeals of Mississippi.
November 7, 2006.
*914 Herbert J. Stelly, Gulfport, attorney for appellant.
Dean Holleman, Gulfport, attorney for appellee.
Before LEE, P.J., CHANDLER and ROBERTS, JJ.
CHANDLER, J., for the Court.
¶ 1. Dr. Brian ("Brian") Dix and Karen Dix ("Karen") were granted an irreconcilable differences divorce on June 1, 1998 in the Chancery Court of the First Judicial District of Harrison County, Mississippi. The couple agreed to a property settlement, alimony payments and child custody arrangements, which were incorporated into the final decree for divorce.
¶ 2. In 2004, Brian filed a motion for modification seeking to modify certain provisions of the divorce decree. Brian requested a modification by reduction or elimination of his obligation to pay Karen periodic alimony and requested that his child support obligation for his oldest child, now in college, be offset by his payments for college education. The trial court denied Brian's motion, finding that no material change in circumstances had arisen. Brian appeals, raising the following issues:
I. WHETHER THE TRIAL COURT ERRED IN DENYING THE MOTION TO TERMINATE PERIODIC ALIMONY
II. WHETHER THE TRIAL COURT ERRED IN DENYING BRIAN'S MOTION TO OFFSET CHILD SUPPORT PAYMENTS FROM THE SUPPORT OWED TO KAREN
¶ 3. Finding no error, we affirm.

FACTS
¶ 4. Brian and Karen entered into an irreconcilable differences divorce on June 1, 1998 after fifteen years of marriage. The couple had four children together during the marriage. The provisions for periodic alimony, child support and insurance on Brian's life were agreed to by the parties and incorporated into a property settlement agreement.
¶ 5. The judgment of divorce ordered Brian to pay Karen $2,200 per month as periodic alimony. Brian was also required to maintain life insurance with Karen as a partial beneficiary for an amount equal to *915 the unpaid lump sum alimony. Karen was awarded paramount custody of the children, and a schedule was set for Brian to have regular visitation with the children. Brian agreed to pay child support totaling $2,800 per month ($700 per child) and to pay all of the children's health insurance, medical bills, private school tuition, and college education.
¶ 6. As part of the property settlement, Brian also agreed to pay Karen lump sum alimony of $360,000 payable at $2,500 per month for sixty months and thereafter $3,500 per month for sixty months. In addition, Karen received ownership of the $250,000 marital home and assumed the indebtedness of $151,000 for the property. Brian retained ownership interests in his medical practice, and each spouse retained their current automobiles.
¶ 7. At the time of the divorce, Brian was a successful anesthesiologist in Harrison County, Mississippi, and Karen was a stay-at-home mother to their four minor children. Karen has since returned to school, obtained her masters degree in nursing, and returned to the workforce as a nurse practitioner. Brian has since remarried, and has another child with his second wife. At the time of the trial, the four children were still residing with their mother, except for the oldest boy who was away at college.
¶ 8. Brian filed a complaint to modify the property settlement on January 21, 2004. Brian claimed that Karen's obtaining her nursing degree and going back to work constituted a material and substantial change in circumstances such that Brian should be relieved of providing any further periodic alimony payments. In a hearing on these matters, Brian claimed that a reduction in his income also qualified as a material change justifying elimination of periodic alimony.
¶ 9. In an amended complaint on August 30, 2004, Brian further requested a modification or termination of his child support obligations to his oldest child, Daniel, who was away at college and no longer residing full-time in Karen's home. Karen filed an answer and counterclaim requesting that child support be increased, making a general allegation of a change in circumstances.
¶ 10. Evidence was presented at trial in September 2004, consisting of the parties' financial declarations, tax returns, expense summaries, pay stubs, and Brian's credit card statements and summaries. Both Brian and Karen testified as to their present and past financial condition, expenses and income levels.
¶ 11. The trial court denied Brian's motion for modification of alimony and child support on January 13, 2005, and denied Karen's general request for an increase in child support. The court found that although a change in circumstances had occurred when Karen went back to work, it was not deemed to be a material or substantial change when comparing the parties' respective incomes and expenses. Aggrieved, Brian appeals, arguing that the trial court erred in denying his motion to modify the alimony and child support agreement. Brian claims that the chancellor applied an incorrect legal standard in his ruling.

STANDARD OF REVIEW
¶ 12. A chancellor's findings of fact will not be disturbed if substantial evidence supports those factual findings or unless the chancellor was manifestly wrong or clearly erroneous. Turpin v. Turpin, 699 So.2d 560, 564(¶ 14) (Miss.1997). As to matters of law, however, a different standard applies. In that case, our review is de novo, and if we determine that the chancellor applied an incorrect legal standard, *916 we must reverse. Morreale v. Morreale, 646 So.2d 1264, 1267 (Miss.1994). The court reviews all of the evidence in a light most favorable to the appellee. Rawson v. Buta, 609 So.2d 426, 429 (Miss. 1992).

LAW AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN DENYING THE MOTION TO TERMINATE PERIODIC ALIMONY
¶ 13. Brian argues that the trial court applied an incorrect legal standard in reviewing Brian's complaint for modification of the divorce decree. Brian contends that the trial court erred in holding his complaint of modification to a higher scrutiny than other motions for modification, which caused a faulty finding that there was no substantial and material change in circumstances sufficient to warrant a modification of periodic alimony.
¶ 14. The trial court cited Morris v. Morris, 541 So.2d 1040, 1043 (Miss.1989), in stating that modifications of provisions agreed upon by both of the parties require closer scrutiny upon a modification request compared to an award that had been actually litigated in court. Brian argues that modifications in such cases do not require heightened scrutiny. He relies on Section 93-5-2(2) of the Mississippi Code Annotated (Rev.2004), which states in relevant part:
If the parties provide by written agreement for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties and the court finds that such provisions are adequate and sufficient, the agreement may be incorporated in the judgment, and such judgment may be modified as other judgments for divorce.

(emphasis added).
¶ 15. While the chancellor used a heightened scrutiny to decide whether to modify the agreed order of divorce, the standard must still be met that a material change in circumstances occurred as a result of after-arising circumstances not reasonably anticipated at the time of agreement. Varner v. Varner, 666 So.2d 493, 497 (Miss.1995). The trial court correctly compared the respective positions of the parties at the time of the request for modification in relation to their positions at the time of the divorce. Furthermore, this Court will not reverse a chancellor's finding where it is supported by substantial credible evidence. Shipley v. Ferguson, 638 So.2d 1295, 1297 (Miss.1994).
¶ 16. It is well settled that a modification of periodic alimony may be made by the chancery court when there has been a material change in circumstances arising subsequent to the original decree. Armstrong v. Armstrong, 618 So.2d 1278, 1281 (Miss.1993). An equity court should consider the "present status of the parties and inquire into their respective earning abilities and probable future prospects and all other circumstances which might bear on the subject, such as age, sex, health and station in life." Spradling v. Spradling, 362 So.2d 620, 623-24 (Miss.1978).
¶ 17. This Court has long followed the factors enumerated in Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147, 153 (1955), when reviewing the appropriateness of an award or denial of alimony. Therefore, we consider:
(1) the health and earnings capacity of the husband; (2) the health and earning capacity of the wife; (3) all sources of income of both parties; (4) the reasonable needs of the wife; (5) the reasonable *917 needs of any children; (6) the husband's necessary living expenses; (7) the estimated income taxes each party must pay; (8) the provisions made for the wife's use of the house, furnishings and automobile; (9) such other facts and circumstances in evidence that might have a bearing on the matter.
Tilley v. Tilley, 610 So.2d 348, 353 (Miss. 1992). Further, we must look at the burden placed on the paying spouse, as well as his or her right "to lead as normal a life as possible with a decent standard of living." Brendel v. Brendel, 566 So.2d 1269, 1272 (Miss.1990).
¶ 18. Brian is in a much better financial position than Karen. As a nurse practitioner for a health clinic, Karen earns approximately $60,000 each year. Brian is a successful anesthesiologist, with an average adjusted gross income of $534,209 from 1997 through 2003. At the time of trial, his monthly gross earned income was approximately $43,000 per month. Brian claims that he suffered a substantial decrease in salary in 2003, which renders him unable to continue to pay Karen periodic alimony. A review of Brian's financial statements shows that a reduction in his income occurred only in 2003, and did not reflect a continuing pattern of decline. Even with a drop in income that year, Brian still made well over $350,000 and has been able to purchase luxury items such as an airplane, a recreational vehicle (RV), and to invest in numerous real estate ventures along the Mississippi Gulf Coast. Furthermore, Brian testified that his monthly disposable income, after all deductions, was $30,637. Brian pays Karen $26,400 annually in periodic alimony. Thus, Brian could pay his annual periodic alimony obligation to Karen in one month and still have $4,237 left over.
¶ 19. In addition, Brian admits that he continues to lead an affluent lifestyle, but he maintains that he is only able to do so by incurring debt and borrowing money. Purchasing non-necessity material items on credit is of Brian's own volition and as such, is not relevant to the modification analysis. The factors that are relevant are the fifteen year duration of the marriage, the standard of living of both parties during the marriage and now, the current needs of the parties, the current employment status of the parties, and the parties's obligations and assets. Considering the Brabham factors, there was substantial evidence that Brian did not meet the requirements necessary for a material or substantial change in circumstances that would warrant a downward modification in periodic alimony.
¶ 20. Brian further contends that a substantial and material change has arisen due to Karen's re-entry into the workforce as a nurse. The issue turns on whether Karen's employment is considered material or substantial such that it would meet the standard for a modification of alimony.
¶ 21. In Spradling v. Spradling, 362 So.2d 620, 624 (Miss.1978), our supreme court refused to penalize a wife for obtaining a temporary teaching job by modifying her periodic alimony. The court noted that it would not punish a spouse "for being industrious and endeavoring to accomplish something rather than depend on [the paying spouse] regardless of future circumstances." Id. We find in the present case that the new employment by Karen, whether temporary or permanent, does not rise to a substantial change of circumstances sufficient to modify the alimony payments. Id.; see Hockaday v. Hockaday, 644 So.2d 446, 450 (Miss.1994) (opining that one party's having become employed and therefore having some income other than alimony does not constitute "such a substantial change in circumstances *918 as to warrant a permanent reduction or termination of periodic alimony").
¶ 22. In Austin v. Austin, 557 So.2d 509, 510 (Miss.1990), our supreme court found the chancellor manifestly erred by modifying alimony when the recipient spouse obtained full-time employment. The court observed that the husband who was initially ordered to pay alimony was affluent and maintained a high standard of living in spite of lavishly supporting six children. Id. The court noted that both parties knew that the recipient wife would secure employment after the divorce. Id.
¶ 23. Although Karen is gainfully employed, her net income remains significantly lower than Brian's net income. Even with the periodic alimony payments, her income does not exceed Brian's, nor do the payments result in Karen having a greater standard of living than Brian. While Brian may have experienced a slight decrease in his salary, upon comparing all of the factors, he still maintains a high standard of living. Therefore, we find that the chancellor's decision that Karen's employment was not a material and substantial change was neither clearly erroneous nor manifestly wrong.
II. WHETHER THE TRIAL COURT ERRED IN DENYING BRIAN'S MOTION TO OFFSET CHILD SUPPORT PAYMENTS FROM THE SUPPORT OWED TO KAREN
¶ 24. Brian further asks the court for a termination or reduction in the child support paid to his oldest son, Daniel, who at the time of trial was attending college. Brian paid for all of Daniel's educational expenses, including books, tuition and housing. Since Daniel no longer resides full-time in his mother's home, Brian argues he should no longer be required to pay additional living expenses in the form of child support to Karen.
¶ 25. The threshold test for modification of child support requires a showing of a substantial and material change in circumstances of the mother, father, or child since the initial award of child support. Tedford v. Dempsey, 437 So.2d 410, 417 (Miss.1983). It is well settled that child support payments belong to the child, and not the custodial parent. Cumberland v. Cumberland, 564 So.2d 839, 847 (Miss.1990). The custodial parent is awarded child support for the benefit and protection of the child, and the custodial parent is under a fiduciary duty to "hold and use them for the benefit of the child." Id.
¶ 26. Karen has paramount physical custody of the four children. Although Daniel lives at college, he frequently comes home on the weekends and for holidays, and receives financial support from both parents. Karen testified that she gives Daniel approximately $400 a month so that he may pay his car insurance. She also uses a portion of Daniel's child support payment to provide for him when he comes home for visits and to maintain the household for the rest of the family.
¶ 27. Our courts have found modifications of child support awards (both an increase and reduction) to be warranted on a number of grounds. See Parker v. Parker, 645 So.2d 1327, 1331 (Miss.1994) (affirming reduction in support because father's loss of income due to loss of job was a substantial and material change in circumstances); Setser v. Piazza, 644 So.2d 1211, 1216 (Miss.1994) (finding father's support obligation should have been abated due to material change in circumstance where hurricane destroyed his home and his truck and trailer needed for his job); Edwards v. Edwards-Barker, 875 So.2d 1126, 1129(¶ 10) (Miss.Ct.App.2004) (affirming increase in support where evidence showed that costs of supporting children *919 had increased as they got older and father was making more money than at time of divorce).
¶ 28. In the present case, the chancellor found that no material change in circumstances had arisen because the parties had contemplated that their children would go to college, as evidenced by their child support agreement. Per the agreement, Brian offered to pay for all of the tuition, room and board, textbooks and other reasonable expenses for his children should they attend college. Reducing the child support payments to Karen once the children left home was not part of that agreement.
¶ 29. Accordingly, we find no error in the chancellor's judgment that no material and substantial change in circumstances has occurred to warrant a modification of Daniel's child support payments, and affirm the lower court's ruling.
¶ 30. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.