CARLTON, J.,
 

 for the Court:
 

 ¶ 1. Thomas and Regina Sturdavant were granted an irreconcilable-differences divorce in the Lamar County Chancery Court. The couple agreed on a property-settlement agreement, alimony payments, and child-custody arrangements, which were incorporated into the final decree for divorce. The chancellor granted Regina’s subsequent petition to modify and increase Thomas’s child-support and periodic-alimony payments. Thomas contends that the chancellor erred in modifying the periodic-alimony requirement and child-support requirement in his and Regina’s judgment of divorce. Finding no abuse of discretion, we affirm the chancellor’s judgment.
 

 FACTS
 

 ¶ 2. Thomas and Regina entered into marriage on May 19, 1990. Thomas worked as a physician at a private clinic, and Regina worked as a registered nurse. The marriage produced two children, Ma-lik, born on October 17, 1997, and Maya, born on November 1, 2004.
 

 ¶ 3. Regina and Thomas filed for divorce on the ground of irreconcilable differences, and on May 20, 2008, the Lamar County Chancery Court entered the judgment of divorce. The chancellor incorporated the issues of child custody, child support, and the property-settlement agreement into the judgment. Pursuant to the judgment, the chancellor ordered Thomas to pay $25,000 to Regina for her portion of the equity in the marital home. The judgment also mandated that Thomas pay $1,000 per month in child support for the couple’s two children
 
 [1]
 
 and $500 per month in periodic alimony.
 

 ¶ 4. The chancellor outlined the judgment upon the backdrop of various events, including the recusal of the initial chancellor. The record reflects that Thomas first hired James K. Dukes Sr. to represent him in the divorce proceedings. Thomas later fired Dukes and hired new counsel, Ed Pittman Jr., who was running for chancellor against the presiding chancellor, the Honorable Sebe Dale Jr. As a result, Judge Dale recused himself from presiding over the divorce proceedings. The Honorable Johnny L. Williams was then assigned as the chancellor and proceeded to preside over the case. While the divorce was pending, Thomas quit paying the mortgage on the marital home, and the bank foreclosed upon the house. Thomas also filed for bankruptcy during the divorce proceedings.
 

 ¶ 5. Shortly after the judgment of divorce, Thomas closed his clinic and joined the staff at Gulfport Memorial Hospital. On February 10, 2009, Regina filed a petition to cite Thomas for contempt and for modification asserting, among other
 
 *841
 
 things, Thomas’s failure to fulfill his child-support obligation in a timely manner as a ground for contempt. Regina further asserted that the financial needs of the children had increased, and Thomas had failed to fulfill his obligation with respect to providing child care while she worked.
 
 [2]
 
 Regina also claimed that Thomas’s income had substantially increased since the divorce due to his new employment.
 

 ¶ 6. On October 7, 2009, the chancellor held a hearing on Regina’s petition for contempt and modification. The chancellor subsequently dismissed the contempt action, but he found that Thomas’s annual income had increased from $37,000 to $240,000. The chancellor proceeded to modify and increase Thomas’s child-support obligation to $1,800 per month, and he increased Thomas’s periodic-alimony obligation to $1,200 per month. The chancellor entered a judgment, incorporating his bench opinion, on November 2, 2009.
 

 ¶ 7. Thomas now appeals, arguing that the chancellor erred in modifying and increasing the child support and periodic alimony.
 

 STANDARD OF REVIEW
 

 ¶ 8. The Mississippi Supreme Court has made it clear that the “scope of review in domestic relations matters is limited .... ”
 
 Johnson v. Johnson,
 
 650 So.2d 1281, 1285 (Miss.1994). On appeal, this Court will not disturb a chancellor’s findings of fact which are supported by substantial evidence unless the chancellor was manifestly wrong or clearly erroneous.
 
 Dix v. Dix,
 
 941 So.2d 913, 915 (¶ 12) (Miss.Ct.App.2006). However, as to matters of law, this Court applies a de novo standard of review, and “if we determine that the chancellor applied an incorrect legal standard, we must reverse.”
 
 Id.
 
 at 915-16 (¶ 12). Additionally, this Court reviews all of the evidence in a light most favorable to the appellee.
 
 Rawson v. Buta,
 
 609 So.2d 426, 429 (Miss.1992).
 

 DISCUSSION
 

 I. Whether the chancellor erred in modifying the periodic-alimony requirement of the parties’ judgment of divorce.
 

 ¶ 9. Thomas claims that the chancellor erred in modifying his periodic-alimony payments because Regina failed to show that a material change of circumstances had occurred since the chancellor entered the divorce decree. Thomas contends that a property-settlement agreement may not be modified without either a showing of fraud or a contractual provision allowing modification, and since Regina failed to assert fraud, Thomas claims that the agreement cannot be modified.
 

 ¶ 10. The supreme court has established that alimony awards for divorces granted on the ground of irreconcilable differences are subject to modification.
 
 Steiner v. Steiner,
 
 788 So.2d 771, 776 (¶ 15) (Miss.2001). Periodic alimony can be modified by increasing, decreasing, or terminating the award; and such modification can occur “only if there has been a material change in the circumstances of one or more of the parties.”
 
 Id.; Landrum v. Landrum,
 
 498 So.2d 1229, 1230 (Miss.1986);
 
 Austin v. Austin,
 
 766 So.2d 86, 90 (¶ 19) (Miss.Ct.App.2000). The material change must also be “one that could not have been anticipated by the parties at the
 
 *842
 
 time of the original decree.”
 
 Tingle v. Tingle,
 
 573 So.2d 1389, 1391 (Miss.1990).
 

 ¶ 11. When deciding whether to modify an award of periodic alimony, the chancellor must consider the
 
 Armstrong
 
 factors, “comparing the relative positions of the parties at the time of the request for modification in relation to their positions at the time of the divorce decree.”
 
 Steiner,
 
 788 So.2d at 776 (¶ 16). Thomas asserts that the chancellor failed to consider all of the Armstrong
 
 [3]
 
 factors during the modification hearing. He argues that the chancellor found that a material change of circumstances occurred based solely on Thomas’s increased income — only one-half of one
 
 Armstrong
 
 factor — and thus Thomas claims that the chancellor applied the wrong standard in determining whether to increase the amount of alimony payments to Regina. However, we observe that “the central issue to periodic alimony modification is whether there has been a material change in circumstances subsequent to the decree of divorce and not a balancing of the
 
 Armstrong
 
 factors[.]”
 
 Reid v. Reid,
 
 998 So.2d 1032, 1041 (¶ 23) (Miss.Ct.App.2008).
 

 ¶ 12. At the time the original divorce decree was entered in May 2008, Thomas had represented to the chancellor that his income for 2007 was estimated to be $37,252.
 
 [4]
 
 Thomas also represented to the chancellor that he had filed for bankruptcy at the time of the divorce. However, at the modification hearing, Thomas testified that his yearly income for 2008 amounted to $109,465.64, and his gross monthly income for 2009 amounted to $20,768. Thomas attributed his increase in salary to his new employment at Gulfport Memorial Hospital, a position that he accepted in June 2008, shortly after the chancellor issued the judgment of divorce. In determining whether to modify an award of periodic alimony in the event of a material change in circumstances, the supreme court has held that a chancellor should consider a substantial increase in earnings by one party subsequent to the divorce decree.
 
 Bracey v. Bracey,
 
 408 So.2d 1387, 1389 (Miss.1982);
 
 Spradling v. Spradling,
 
 362 So.2d 620, 623 (Miss.1978).
 

 ¶ 13. During the modification hearing, the chancellor noted that Regina provided evidence that she could barely meet her living expenses based on Thomas’s alimony payments. The chancellor also stated that Regina’s testimony revealed that she had cut back on what she and the children “had been able to do before the divorce in terms of leisure and activities.” The chancellor found that although Regina is employed as a registered nurse and may be able to earn more money if she chose to do so, “the [cjourt is not sure as to how that would impact on her being able to raise the kids because she is able to spend more times with the kids by her work schedule that she currently has.”
 
 [5]
 
 Based on these findings, and Thomas’s increase in income, the chancellor found that the parties’ circumstances warranted a modification of the alimony payments.
 

 ¶ 14. We find that the evidence in the record supports the chancellor’s decision
 
 *843
 
 to increase the amount of periodic alimony awarded to Regina based on the substantial increase in Thomas’s income. The record also shows that the chancellor properly weighed the relative positions of the parties at the time of the request for modification in relation to their positions at the time of the divorce decree. Therefore, we find that the chancellor did not abuse his discretion in increasing the award of periodic alimony to Regina. This issue lacks merit.
 

 II. Whether the chancellor erred in modifying the child-support requirement of the parties’ judgment of divorce.
 

 ¶ 15. Next, Thomas argues that the chancellor erred in finding that his increase in income warrants a modification in the child-support payments for Thomas and Regina’s two children. We note that child support can be modified if there has been a “substantial or material change in the circumstances of one or more of the interested parties.”
 
 Caldwell v. Caldwell,
 
 579 So.2d 543, 547 (Miss.1991). However, Thomas argues that the chancellor erred in finding that his increase in income constituted a material change in circumstances. Thomas also claims that the evidence presented during the hearing did not demonstrate any increased needs of the children. As stated above, we have established that the findings of the chancellor in this case do not amount to an abuse of discretion; he determined that Thomas’s substantial increase in income indeed constituted a material change in circumstances.
 

 ¶ 16. Regina argues, however, that the chancellor erred by failing to increase the child support to an amount based upon twenty percent of Thomas’s income,
 
 [6]
 
 which would result in a monthly child-support payment of $2,600, instead of the chancellor’s modified award of $1,200 per month, which amounts to less than twenty percent of Thomas’s adjusted gross income. Mississippi Code Annotated section 43-19-101(1) (Rev.2009) provides a rebuttable presumption regarding the modification of child-support awards, and this Court will not affirm a modification of a child-support award that deviates from the statutory guidelines unless the chancellor “overcome[s] the rebuttable presumption ... by making an on-the-record finding that it would be unjust or inappropriate to apply the guidelines in the instant case.”
 
 Chesney v. Chesney,
 
 910 So.2d 1057, 1061 (¶ 7) (Miss.2005).
 

 ¶ 17. During the hearing, the chancellor acknowledged that section 43-19-101(4) (Rev.2009) mandates that if the adjusted gross income is more than $50,000, “the court shall make a written finding in the record as to whether or not the application of the guidelines established ... is reasonable.” In the present case, the chancellor stated that:
 

 Based on the proof today for child support — it’s been offered as proof that the expenses outside of shelter and food and other normal expenses that go along with that, that the expenses come to $1,042. The court in looking at the income of [Thomas] of $240,000 annually is going to set the child support at $1,800 per month based on the documentation and the proof that the court heard today. Ordinarily if we went the entire [twenty] percent, child support would be $2,600, but the court is going to set it at $1,800.
 

 ¶ 18. This Court recognizes that “[i]n cases involving child support, we af
 
 *844
 
 ford the chancellor considerable discretion, and his findings will not be reversed unless he was manifestly in error or abused his discretion.”
 
 Sessums v. Vance,
 
 12 So.3d 1146, 1147 (¶ 3) (Miss.Ct.App.2009) (citation omitted). Here, we find that the chancellor provided the required findings explaining his calculation of expenses and his decision to deviate from the statutory guidelines mandating that the child-support award shall be based upon twenty percent of Thomas’s adjusted gross income for his two children. The record supports Regina’s expenses and the calculations of the chancellor. We find no abuse of discretion in the chancellor’s award. This issue lacks merit.
 

 ¶ 19. THE JUDGMENT OF THE CHANCERY COURT OF LAMAR COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . We note the property-settlement agreement reflected that the chancellor based this child-support award on twenty percent of Thomas’s income, although Thomas testified that at the time of the divorce, his gross annual income only amounted to approximately $37,000.
 

 [2]
 

 . In her petition for modification and contempt, Regina alleges that Thomas had agreed to provide baby-sitting assistance while Regina worked, but she claims that Thomas only fulfilled this obligation one day a week. Regina asserted that she could not financially afford the baby-sitting fees without additional financial assistance from Thomas.
 

 [3]
 

 .
 
 Armstrong v. Armstrong,
 
 618 So.2d 1278, 1280 (Miss.1993).
 

 [4]
 

 . Neither Thomas’s nor Regina's Rule 8.05 financial statement appears in the record provided to this Court.
 

 [5]
 

 . As previously noted, Regina stated in her petition for contempt and modification, and also testified at the hearing, that Thomas failed to fulfill his baby-sitting obligations for Malik and Maya while Regina worked. Regina testified that not having anyone available to supervise the children, and not having sufficient funds to pay for a babysitter while she worked, impacted her ability to work additional hours.
 

 [6]
 

 . Mississippi Code Annotated section 43-19-101(Rev.2009) establishes that twenty percent of the party's adjusted gross income shall be awarded for the support of two children.