# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00895-COA

**TONY HARRIS**                                                                                  **APPELLANT**

**v.**

**MICHELLE PORTER**                                                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/30/2014 |
| TRIAL JUDGE: | HON. CATHERINE FARRIS-CARTER |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | STEPHANIE NICOLE MORRIS THOMAS MORRIS |
| ATTORNEY FOR APPELLEE: | ROBERT G. JOHNSTON |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| TRIAL COURT DISPOSITION: | INCREASED APPELLANT'S CHILD-SUPPORT PAYMENTS AND ORDERED APPELLANT TO PAY $1,250 EACH SEMESTER TO CONTRIBUTE TO THE DAUGHTER'S COLLEGE TUITION, AND ORDERED APPELLANT TO PROVIDE HEALTH INSURANCE |
| DISPOSITION: | AFFIRMED - 07/26/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND FAIR, JJ.**

**ISHEE, J., FOR THE COURT**:

¶1.    Tony Harris appeals the judgment of the Bolivar County Chancery Court, which increased his child-support payments, and awarded health insurance and payment for a portion of the college expenses for his eighteen-year-old daughter, Myrtis Porter.  Harris argues that the chancery court erred in awarding college expenses and deviated from the

statutory guidelines when it increased the child-support payments. Finding no error, we affirm.

**FACTS**

¶2.     In 1998, after determining that Harris was the father of Myrtis, the chancery court rendered a judgment ordering child support at the rate of $150 per month. In December 2013, Harris filed a petition to suspend his child-support payments and requested that he be paid child support because Myrtis had lived with him for six months. Michelle Porter, Myrtis's mother, filed an answer and counterclaim, asserting that there had been a material change of circumstances, and asked for health insurance for Myrtis and an increase in child support, which she noted had not changed in fifteen years. Porter also asked that college expenses be awarded since Myrtis planned to go to Mississippi State University after she graduated from high school.

¶3.     On January 29, 2014, after an initial hearing, the chancery court "determined that [Myrtis] is now back living with her mother thus, in effect, rendering Mr. Harris's motion moot." However, the chancery court ordered that Harris need not pay child support for the months Myrtis lived with him. At the next hearing, the chancery court heard testimony from Myrtis, Harris, and Porter. It also reviewed submitted documents regarding health-insurance costs, college expenses, and the parties' incomes. On May 30, 2014, the chancery court ordered an increase in Harris's child-support payments from $150 per month to $325 per month. The court ordered Harris to pay $1,250 each semester to contribute to the costs of Myrtis's college tuition. The chancery court also ordered Harris to provide health insurance

for Myrtis, with each parent responsible for half of any uncovered medical expenses that may arise. It is from this judgment Harris appeals. For the following reasons, we affirm.

## LAW AND DISCUSSION

¶4. Harris argues that the chancery court deviated from the statutory guidelines when it increased his child-support payments. "[I]n cases involving child support, we afford the chancellor considerable discretion, and his findings will not be reversed unless he was manifestly in error or abused his discretion." *Sturdavant v. Sturdavant*, 53 So. 3d 838, 843-44 (¶18) (Miss. Ct. App. 2011) (citation omitted). If there has been "a substantial or material change in the circumstances of one or more of the interested parties," child-support modification is warranted. *Id.* at 843 (¶15) (quoting *Caldwell v. Caldwell*, 579 So. 2d 543, 547 (Miss. 1991)).

¶5. Here, the record reveals that the chancery court took many factors into consideration, including Harris's obligations to his other children and other financial concerns. With respect to assets and income, Harris admitted to owning real property and three automobiles – and to receiving a salary from the Mississippi Department of Corrections, a job he has had for twenty years. The chancery court reviewed the financial documents submitted by the parties, heard their testimony, and ultimately found that an increase of $175 was warranted and within the statutory guidelines. We agree. Mississippi Code Annotated section 43-19-101 (Rev. 2015) provides for child-support-payment guidelines based on the adjusted gross income of the parent. Here, the record is clear that the chancery court was provided Harris's adjusted gross income and calculated the percentage set out in section 43-19-101.

Moreover, we note that the child-support payments had not increased in fifteen years. This argument is without merit.

¶6. Next, Harris argues that the trial court erred in awarding college expenses. Harris points to his financial statements, which he believes shows that there is no disposable income, and argues that Porter did not show evidence to the contrary. Harris further argues that he cannot afford to pay college expenses without significantly affecting his customary lifestyle. Harris explains that he has two young children who live with him and his current wife, and another child attending Alcorn State University. Harris also argues that there was no evidence that Myrtis will thrive in college. Finally, Harris asserts that he wanted to have input as to which college he could afford for Myrtis.

¶7. The Mississippi Supreme Court has held that a child's decision to attend college may be considered a material change in circumstances justifying child support modification. *See Lawrence v. Lawrence*, 574 So. 2d 1376, 1382 (Miss. 1991). Child-support payments under section 43-19-101 create an award for support that goes toward the child's basic living expenses such as food, clothing, and shelter. *See Nichols v. Tedder*, 547 So. 2d 766, 769 (Miss. 1989). Additional expenses, including but not limited to health insurance, out-of-pocket health expenses, transportation, and college expenses, may be properly added to the basic support award. *Id.*

¶8. One or both parents may be ordered to pay part or all of a child's college tuition and related expenses. *Saliba v. Saliba*, 753 So. 2d 1095, 1101 (¶21) (Miss. 2000) (citing *Rankin v. Bobo*, 410 So. 2d 1326, 1328 (Miss. 1982)). Nonetheless, as Harris asserted, "the parent

4

must also have the ability to pay for the education without affecting his customary lifestyle." *Wallace v. Wallace*, 965 So. 2d 737, 745 (¶27) (Miss. Ct. App. 2007) (citation omitted). However, in this case, Harris did not present any evidence of how Harris's lifestyle would change. Nor can we find anything in the record that supports his claim. As found earlier, the chancery court clearly reviewed Harris's financial documents and found that Harris was able to help with college expenses. Furthermore, Porter explained that she is seeking financial assistance and Myrtis is applying for scholarships to help with the cost of tuition.

¶9. Porter introduced various awards, plaques, and newspaper clippings regarding Myrtis's achievements during her high-school career, which led the chancery court to find that Myrtis was an "outstanding young lady." She clearly showed aptitude for and the potential to benefit from college according to her high-school record. Myrtis was involved in numerous extracurricular activities both at school and in the community. There is ample evidence that Myrtis excelled as a well-rounded student. Her admission to Mississippi State University is one more example of that. While Harris complains that he should have been consulted about which college he could afford for Myrtis to attend, the chancery court's ruling does not set forth a specific college and it does not prevent Harris from being a part of the decision-making process.[1] We find this argument without merit.

¶10. Harris takes issue with the chancery court expressing, at the hearing, that Harris

---

[1] However, according to the record, Myrtis has been accepted to Mississippi State University and it is her preferred school. Furthermore, we point out that Harris would be paying what amounts to less than fifteen percent of the total cost of tuition. *See* http://www.admissions.msstate.edu/freshmen/money-matters/#tuition (the 2015-2016 annual cost to attend the school, on average, is about $23,000, which includes room and board, tuition, and out-of-pocket expenses).

would have input in choosing a college for Myrtis, and that Harris would pay only half of the health-insurance costs, contrary to the court's ultimate order. After reviewing the transcript, we find that the chancery court took Harris's concerns under advisement, but did not make a bench ruling. We further note that Harris did not file any posttrial motions at the conclusion of the hearing. While there is no requirement to file posttrial motions, the chancery court is better able to address Harris's perceived discrepancies between its bench ruling and final judgment. "A chancellor's bench ruling is not final, but is subject to modification by that same chancellor." *Grey v. Grey*, 638 So. 2d 488, 492 (Miss. 1994) (citing *Love v. Barnett*, 611 So. 2d 205, 208 (Miss. 1992)). The chancery court is within its authority to modify its decision in its final order. *Id*.

¶11. Again, on appeal, we afford the chancery court considerable discretion, and its findings will not be reversed unless the court was manifestly in error or abused its discretion. *Sturdavant*, 53 So. 3d at 843-44 (¶18). In the case at bar, we find that the chancery court did not abuse its discretion or commit manifest error in increasing child-support payments. Nor do we find error in the chancery court's decision to have Harris pay a portion of Myrtis's college expenses and all of her health insurance. These issues are without merit.

¶12. **THE JUDGMENT OF THE BOLIVAR COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT**.

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**