# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00931-COA

JONATHAN BRISTER                                                                    APPELLANT

v.

PHOENICIA MARTIN                                                                     APPELLEE

DATE OF JUDGMENT:            08/11/2022
TRIAL JUDGE:                 HON. JAMES CHRISTOPHER WALKER
COURT FROM WHICH APPEALED:   MADISON COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:      JONATHAN BRISTER (PRO SE)
ATTORNEY FOR APPELLEE:       M. JUDITH BARNETT
NATURE OF THE CASE:          CIVIL - DOMESTIC RELATIONS
DISPOSITION:                 AFFIRMED - 06/10/2025
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND ST. PÉ, JJ.**

**ST. PÉ, J., FOR THE COURT:**

¶1.     In August 2021, the Mississippi Department of Human Services (MDHS) filed a complaint in chancery court for child support payments against Jonathan Brister, and in November 2021 the chancellor ordered Brister to begin payments. Just over a month later, the child's mother, Phoenicia Martin, filed for a modification of the order, which the chancellor granted in April 2022. Brister challenged the modification in a post-trial motion, and the chancellor vacated the April 2022 order and set the matter for a "new trial." Following the new trial, the chancellor entered a final support judgment, from which Brister appealed.

¶2.     Brister argues that there was no material change in circumstances as required to

modify the original support order and that the original support order should stand. However, we find that the chancellor had authority under Mississippi Rule of Civil Procedure 60(b) to relieve the parties from the November 2021 order, and we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3.     Brister is the biological father of Martin's child J.L.B., who was born in October 2019. In August 2021, MDHS filed a complaint in the Madison County Chancery Court for child support against Brister. Following a hearing in which both Brister and Martin were present and without retained counsel, the chancellor ordered in November 2021 that Brister pay $175 each month beginning December 1, 2021, based on an adjusted gross income of $2,000 each month.[1] The chancellor also ordered that Brister pay $1,050 in back-owed child support at $35 each month.

¶4.     Subsequent to the hearing, Martin hired an attorney, who entered an appearance following the chancellor's order. On December 7, Martin filed a petition to modify the chancellor's child support order. She argued that Brister had lied about his income and that the chancellor "failed to take into consideration" Martin's evidence, which purportedly showed that Brister's annual income was well over $100,000 per year and that he paid $2,000

---

[1] The November 2021 order stated that Brister's adjusted gross income was $2,000 a month and that the order of $175 per month did not deviate from Mississippi Code Annotated section 43-19-101 (Rev. 2023). Section 43-19-101 provides child support guidelines based on an adjusted gross income and the number of children who are due support. For one child, the required percentage is fourteen percent. Fourteen percent of $2,000 is $280, so it is clear that the November 2021 order is incorrect. Plus, it is not clear from the record how the chancellor determined that Brister's adjusted gross income was $2,000, as the tax information provided at the hearing was incomplete, and Brister's testimony about his income and financial obligations was vague.

per month for his mortgage. Martin also alleged that Brister perpetuated a fraud upon the court when he stated he had no health insurance and asked the chancellor to modify the prior order to require Brister to provide J.L.B. with health insurance.

¶5.　Brister, acting pro se, responded to Martin's petition and denied that he made the amount of money Martin claimed. He attached a 2020 IRS tax return in support of his denial. He also denied lying to the court and denied having health insurance. He filed a separate motion to dismiss, arguing that res judicata prevented the chancellor from modifying the November 2021 support order and arguing that there had been no "substantial change in circumstance to warrant a modification of the current support obligation."

¶6.　Following a hearing, the chancellor modified the child support order in April 2022. The court found that there had "been a material change in circumstances since the last hearing" because "at the last hearing there was no evidence with which to calculate child support." The court found that the best evidence presented was a Facebook post in which Brister stated that he made $100,000 annually. The chancellor found that Brister's testimony "was contradictory and changed in mere seconds." Further, the court found his testimony was a "willful attempt to put blinders on the court regarding his income" so that he could try to hide his true income and not pay additional child support. The chancellor modified the support order to increase Brister's obligation to $950 each month.

¶7.　Brister hired counsel and filed a motion to set aside the April 2022 modification order. Brister argued that the November 2021 order setting support at $175 per month was final after Martin failed to timely appeal. Brister argued that Martin's December "Petition for

3

Modification" was truly a "motion for a new trial or, in the alternative, to reopen the case, take additional evidence, and make a new judgment." Brister pointed to several aspects of Martin's petition that he argued were evidentiary arguments and argued that at no point had she alleged a material change in circumstances. Brister argued that the chancery court should vacate its April 2022 order.

¶8.     Martin responded, arguing that because "she believed that Brister had perpetrated a fraud upon the court," a modification "can be filed at any reasonable time after a judgment has been entered." She also stated that because of Brister's alleged fraud, no material change in circumstances was required to modify the judgment. She acknowledged that, "to a certain extent," the petition was one for rehearing, and she contended it was necessary to request the relief MDHS had not sought and could not seek.

¶9.     In June 2022, the chancellor issued an order setting aside the April 2022 modification order and setting "a new trial" for August 3, 2022.

¶10.    At the hearing, the court, on its own motion, set aside the original support order of $175 each month in the interest of equity because the chancellor found that MDHS had not adequately protected Martin's interests at the initial hearing. As the parties established what would be addressed at the hearing, Martin stated that Brister was $4,525 in arrears for child support. But Brister's counsel objected that the prior support orders had been set aside, so there could be no arrearage. The chancellor agreed, noting that the present hearing was essentially the first one after he had vacated the prior orders.

¶11.    Brister and Martin testified at the hearing and presented financial statements, and their

4

testimony and evidence presented is not in dispute. Following the close of testimony, the chancellor announced his ruling and explained his rationale. He found that Brister made roughly $2,500 each month, resulting in a $350 monthly child-support obligation. He found that Brister should pay one year of back-owed support, minus what he had already paid, for a total of $3,000 to be paid at $150 each month. The chancellor entered a judgment reflecting the ruling on August 11, 2022.

¶12.    Brister filed a notice of appeal from this judgment. While the appeal was pending, Martin filed a petition to terminate Brister's parental rights. She alleged that Brister refused to visit J.L.B. or to facilitate visitation and that he had not paid child support as ordered. On May 11, 2023, the Supreme Court stayed the present appeal pending the chancery court's resolution of the petition to terminate Brister's parental rights. In November 2023, Brister petitioned for a writ of mandamus to require the chancery court to hear and adjudicate Martin's petition. The chancellor responded and denied that there had been any refusal on the court's part in having the matter heard. After receiving the chancellor's response, the Supreme Court denied Brister's motion for a writ of mandamus, and the briefing for the present appeal resumed. Order, *Brister v. Martin*, No. 2022-CP-00931 (Miss. Jan. 12, 2024). The appeal was later assigned to this Court for review.

**ANALYSIS**

¶13.    On appeal, Brister presents four issues for our consideration.[2] One, he argues that the

---

[2] Martin did not file an appellee's brief on appeal. "In matters of child custody and support, . . . in the absence of an appellee's brief, our practice is to make a special effort to review the record for support for affirmance." *Edwards v. Edwards-Baker*, 875 So. 2d 1126, 1128 (¶5) (Miss. Ct. App. 2004). Because these matters "touch the welfare of a minor child,

5

April 2022 order modifying the November 2021 child support order was barred by res judicata. He next argues that Mississippi Code Annotated section 43-19-34(3) (Rev. 2023) forbids modification of child support orders without a substantial change in circumstances, and the chancellor made no such finding. He also claims that there was no evidence of a substantial change in circumstances as required by statute. Finally, Brister argues that the chancery court's delay in ruling on the petition for the termination of his parental rights resulted in "the unequitable confiscation of improperly imposed child support amounts."

¶14.    After review, we affirm the chancellor's August 2022 child support order. Brister does not challenge the evidentiary basis for the award, arguing only that it is procedurally improper. However, the chancellor appropriately vacated the April 2022 child support order after Brister's counsel argued that it was erroneous, and the chancellor properly exercised his discretion to vacate the initial child support order from November 2021.

**Petition for Termination of Parental Rights**

¶15.    As to Brister's arguments regarding the termination of parental rights, that issue is not properly before this Court. Brister filed a notice of appeal on the August 2022 child support order well before the petition to terminate his parental rights. Under the Mississippi Rules of Appellate Procedure, we have no jurisdiction to address that issue. *See* M.R.A.P. 3(c), 4(d).

**Modification of the November 2021 Child Support Order**

---

. . . regardless of whether a party filed a brief, this Court will reach the merits of the issues in this appeal, though we proceed unaided by a brief from the appellee." *N.E. v. L.H.*, 761 So. 2d 956, 962 (¶14) (Miss. Ct. App. 2000) (quotation mark omitted).

6

¶16.     Brister essentially argues that the chancellor erred by modifying his initial child support order from November 2021 because there had been no material change in circumstances to allow child support modification. Brister is correct that a child support order may not be modified without a material change in circumstances. *Nowell v. Steward*, 356 So. 3d 1217, 1222 (¶20) (Miss. Ct. App. 2022). But to fully address Brister's contention, it is necessary to clarify the chancery court's orders in this case.

¶17.     In November 2021, the chancery court issued its initial child support order, which required Brister to pay $175 in child support each month and $1,050 in back-owed support. After Martin filed her petition to modify based on Brister's alleged misrepresentations about his income, the chancellor held a hearing on the petition and found a material change in circumstances, namely Brister's income. The chancery court issued a new order in April 2022 that modified child support accordingly.

¶18.     Brister filed a petition challenging the court's April 2022 modification, arguing that it lacked jurisdiction to do so.[3] The court issued an order on June 24, 2022, setting aside the April 2022 modification order and setting "a new trial in this cause . . . for August 3, 2022 at 1:30 p.m." At the trial, the chancellor announced that he was also vacating the November 2021 order in the interests of equity and that the trial would be treated as the first trial in the matter. In August 2022, the chancellor issued a child support order requiring Brister to pay

_____

[3] Brister argued that Mississippi Rule of Civil Procedure 59 required any motion for a new trial or to reopen the case to be filed within ten days following the entry of the judgment, which was entered on November 15, 2021. Brister alleged that Martin's motion, though styled as a petition for modification, was in reality a Rule 59 motion for a new trial because it advocated for additional evidence to be taken into account and did not allege a material change in circumstances.

$350 each month and to pay $3,000 at a rate of $150 each month to make up for the previous year's support.

¶19. The June 2022 order did two things. First, it set aside the April 2022 order. Second, it set a "new trial in [the] cause" for August 2022. Then, at the August 2022 trial, the chancellor set aside the November 2021 order. After trial, the chancellor issued the August 2022 order requiring Brister to pay $350 each month in support plus $3,000 in back-owed support. The chancellor's August 2022 order was not a modification of the November 2021 order; it was an entirely new order following a new trial.

¶20. Though the chancellor did not cite Mississippi Rule of Civil Procedure 60(b), we find that this rule provided the authority and discretion to set aside the original order. Rule 60(b) states in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding. . . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court." M.R.C.P. 60(b).

¶21. In *Finch v. Finch*, 137 So. 3d 227 (Miss. 2014), the Supreme Court held for the first time that a judge may sua sponte raise a Rule 60(b) motion as long as the parties have been provided with adequate notice and an opportunity for a hearing. *Id.* at 232-33 (¶13) (citing *Baum v. Blue Moon Ventures LLC*, 513 F.3d 181, 190 (5th Cir. 2008); *McDowell v. Celebrezze*, 310 F.2d 43, 44 (5th Cir. 1962); *In re Jack Kline Co.*, 440 B.R. 712, 729 (Bankr. S.D. Tex. 2010)). In *Finch*, a couple was issued a judgment of divorce and financial

8

settlement and later began filing contempt and modification petitions against the other. *Id.* at 230-31 (¶¶2-3). The husband alleged that the wife had engaged in fraud to hide assets and debts. *Id.* at 231 (¶¶4-5). Following several hearings, the chancellor sua sponte raised a Rule 60(b) issue, finding that the wife had committed a fraud on the court. *Id.* at (¶6).

¶22.    The wife appealed, arguing that she did not have notice that the chancery court would address the fraud allegations and that the chancellor's use of Rule 60(b) was improper. *Id.* at (¶14). The Supreme Court found that the wife was given notice that the chancery court had considered all of the parties' allegations and would address the fraud allegations in her final order. *Id.* at 232 (¶16). The Court also found substantial evidence to support the chancellor's finding of fraud and concluded that the chancellor had not abused her discretion by modifying the judgment sua sponte under Rule 60(b). *Id.* at 236 (¶26).

¶23.    Though Brister does not make exactly the same argument raised in *Finch*, we address the case to illustrate the chancery court's authority under Rule 60(b) to issue a new child support order in this case. The parties had notice that the August 2022 trial was a *new* trial in the matter, satisfying the requirements for notice and an opportunity to be heard. *See Finch*, 137 So. 3d at 232-33 (¶13). At the hearing, the chancellor stated:

> As to what exactly this matter is reset for, the Court on its own motion will also set aside its judgment of support [dated November 17, 2021] that originally set an amount of an imputed minimum wage in that at that time [MDHS] . . . was not represented by the current attorney here today . . . .
>
> But at that time, [Martin] was basically not represented by anyone. Previous counsel for the department . . . was not addressing the matters before her at that time . . . .
>
> [T]his case right here . . . was barely even put before the Court without any

information or the like. The Court really didn't have any information to do an imputed minimum wage just to try to do something.

The Court, in the interest of equity, is going to set that matter aside. Placing today's hearing before it, the . . . hearing related to the determination of the support and maintenance of the minor child herein.

¶24.   Under Rule 60(b)(5) or (6), "the court may relieve a party . . . from a final judgment" if "it is no longer equitable that the judgment should have prospective application" or for "any other reason justifying relief from the judgment." M.R.C.P. 60(b)(5)-(6).

¶25.   A judge may sua sponte grant relief from judgment based on fraud of the parties under Rule 60(b)(1). *Finch*, 137 So. 3d at 233-34 (¶17). Brister also knew that Martin's allegations included fraud and that the chancellor had previously found that he had committed a fraud against the court by misrepresenting his income.

¶26.   The chancellor did not abuse his discretion by issuing a new child support order.[4]

## CONCLUSION

¶27.   The chancellor did not err by issuing a new child support order in August 2022 following allegations of fraud and inequitable proceedings. The parties had notice that the chancellor was granting a new trial in the matter and that the prior orders were vacated (the April 2022 order) or likely to be vacated (the initial November 2021 order). Brister does not challenge the chancellor's factual findings, and we affirm the August 2022 judgment.

---

[4] Plus, as noted previously, the November 2021 order improperly calculated the amount of child support owed pursuant to section 43-19-101, and it is unclear how the chancellor determined that Brister's adjusted gross income was $2,000. Rule 60(b)(2) allows a court to relieve parties from a judgment due to accident or mistake. Though it is not clear that the chancellor recognized any mathematical error, this error further supports setting aside the initial order.

Brister's complaints regarding the petition for termination of his parental rights are not properly before us, and we decline to address them.

¶28.   **AFFIRMED.**

**BARNES, C.J., AND WILSON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR. CARLTON, P.J., NOT PARTICIPATING.**